**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Kelvin L. James,

     Plaintiff

v.

Ely State Prison, et al.,

     Defendants

Case No.: 2:25-cv-00502-JAD-DJA

**Order Screening
First Amended Complaint and Dismissing
and Closing Case**

[ECF Nos. 6, 15]

Plaintiff Kelvin James brings this civil-rights action under 42 U.S.C. § 1983, claiming that his rights were violated while he was incarcerated at Ely State Prison.  In screening James's original complaint, I dismissed his state-law claim with prejudice and granted him leave to file a first amended complaint to attempt to replead his Fourteenth Amendment property-deprivation claim by August 22, 2025.[1]  James timely filed his first amended complaint ("FAC"),[2] which I now screen under 28 U.S.C. § 1915A.  I find that James again fails to state a colorable claim for relief and the content of his operative pleading shows that further leave to amend in this action would be futile.  So I dismiss this action without prejudice, grant James's *in forma pauperis* application, and direct the Clerk of Court to enter judgement accordingly and close this case.

**Background**

James sues Ely State Prison, T. Baltierra, and R. Dugan.  He brings one claim and appears to seek monetary relief.[3]  The FAC articulates claims under NRS 193.167(h) about

---

[1] ECF No. 9.

[2] ECF No. 15.

[3] Despite being warned that the FAC needed to be complete in itself, ECF No. 9 at 6, in the request-for-relief section of the FAC James states, "Same as in the original complaint of this

embezzlement and under the Fourth Amendment about property.  There are no factual allegations in the FAC.  Rather, James lists February 18, 2023, as the violation date and states:

> I was asked to amend this 'complaint on [July 7, 2025], and within the "screening order's" page 2, lines 6–14 states the wrong claims of the original complaint.  Perjury by staff of the Nevada [Department] of Corrections stating that monetary relief was granted to me while I was incarcerated within Ely State Prison by Respondents.[4]

James is referencing the fact that I construed his original complaint as raising claims under NRS 200.463(1)(c) and the Fourteenth Amendment.

**Discussion**

**A.    Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[5]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[6]  All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This includes claims based on legal conclusions that are untenable, like claims against defendants who

---

federal case within the U.S. District Court, District of Nevada."  ECF No. 15 at 6.  James's original complaint sought monetary relief.  ECF No. 10 at 6.

[4] ECF No. 15 at 3.

[5] *See* 28 U.S.C. § 1915A(a).

[6] *See* 28 U.S.C. § 1915A(b)(1)(2).

are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[7]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[8]  In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[9]  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[10] but a plaintiff must provide more than mere labels and conclusions.[11]  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[12]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13]

**B.     Analysis of claims**

To recap: I construed James's original complaint as bringing claims under NRS 200.463 and the Fourteenth Amendment's Due Process Clause about property deprivation.  I dismissed the former claim with prejudice because that Nevada criminal statute does not provide a private right of action and 42 U.S.C. § 1983 provides a method for vindicating rights secured by <u>federal</u>

---

[7] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[8] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[9] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[10] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[13] *Id.*

law, not <u>state</u> law.[14]  I dismissed the federal property-deprivation claim with leave to amend.  In his FAC, James contends that his claims arise under the Fourth Amendment and NRS 193.167.

The claim under NRS 193.167 is dismissed with prejudice.  I expressly told James that he "does not have leave to add new claims."[15]  In any event, NRS 193.167 is a criminal statute without a private right of action, it isn't a federal law that can be vindicated in a § 1983 action, and it pertains to crimes committed against persons who are 60 years or older.[16]

To the extent that James contends that his property-deprivation claim arises under the Fourth Amendment, he is mistaken.  "Lawful incarceration necessarily entails limitations upon many of the rights enjoyed by ordinary citizens."[17]  "An inmate's Fourth Amendment rights are among the rights subject to curtailment."[18]  Specifically, "the Fourth Amendment does not protect an inmate from the seizure and destruction of his property."[19]  This means the Fourth Amendment "cannot protect an inmate from the conversion of his property."[20]  But "this does not mean a prisoner is without redress; it simply means a prisoner's form of redress is through the Fifth and Fourteenth Amendments."[21]  "The Fifth Amendment prohibits the federal

---

[14] *West v. Atkins*, 487 U.S. 42, 48 (1988).  For this reason, James cannot bring a § 1983 action against a prison employee for "perjury" unless the perjury results in the deprivation of a constitutional right like retaliation or due-process violations.

[15] ECF No. 9 at 6.

[16] According to the Nevada Department of Corrections (NDOC) inmate database, James is 42.

[17] *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989).

[18] *Id.* (citation modified).

[19] *Id.* (citation modified).

[20] *Id.*

[21] *Id.* (citation modified).

government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several states."[22]

As I explained when screening James's original complaint, allegations that prison staff withheld funds from his inmate trust account for the state's use, not his own, seek to invoke the Fourteenth Amendment's due-process protections. I granted leave to amend this claim because it wasn't clear what prison staff did about James's money and if their actions were intentional and authorized by state procedure, law, or regulation; unintentional; or intentional but not authorized. I also explained that because the State of Nevada provides a meaningful post-deprivation remedy for the last two scenarios, only allegations under the first scenario could state a colorable due-process claim.

Unfortunately, James disregarded my instruction that he needed to state more facts about what happened with his money if he wanted to cure the defects with his due-process claim. His continued allegation that what happened was "perjury" or "embezzlement" tends to show he contends that prison or department staff's actions regarding his money were intentional and not authorized by state procedure, law, or regulation. James has thus twice failed to state a colorable due-process claim about property deprivation. These circumstances do not indicate that James is able or willing to plead additional facts to cure his claim's defects. So the Fourteenth Amendment due-process claim is dismissed without prejudice and without leave to amend.

### Conclusion

IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED without prejudice** based on the plaintiff's failure to state a colorable claim for relief. The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

---

[22] *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005).

IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* **[ECF No. 6] is GRANTED**.  This status doesn't relieve the plaintiff of his obligation to pay the full $350 filing fee under the statute; it just means that he can do it in installments.  And the full $350 filing fee remains due and owing even though this case is being dismissed.

To ensure the plaintiff pays the full filing fee, IT IS FURTHER ORDERED that the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Kelvin L. James, #1165419** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk is directed to SEND a copy of this order (1) to the Finance Division of the Clerk's Office and (2) to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

Dated: February 27, 2026

_____
U.S. District Judge